IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| JERRY CURTIS,<br>Institutional ID No. 8630, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO. 5:17-CV-287-BQ |
| TERRY MORGAN, *et al.*, | )<br>)<br>) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

### I.  Procedural History

Plaintiff Jerry Curtis filed this civil rights action *in forma pauperis* on December 11, 2017, complaining of events alleged to have occurred during his detention at the Garza County Jail (Jail). ECF No. 1. The United States District Court reassigned the case to the undersigned United States Magistrate Judge on December 20, 2017. ECF No. 7.

On December 26, 2017, the court mailed Curtis a notice of availability of the magistrate judge to exercise jurisdiction and a copy of the order seeking authenticated records. ECF Nos. 8, 9. Both orders were returned to the Clerk of Court on January 4, 2018, as undeliverable. ECF Nos. 10, 11. Moreover, a search on Vinelink, the Jail's inmate search platform, revealed that Curtis has been released from the Jail. *See Texas Statewide,* VINE, https://www.vinelink.com/#/search (enter "Curtis" in last name search field and "Jerry" in first name search field) (last visited Jan. 23, 2018). Curtis has not provided an updated address as required by the court's PLRA Filing Fee Order. ECF No. 6, ¶ 8. Because Curtis has not consented to proceed before the magistrate judge, the undersigned enters this Report and Recommendation pursuant to the order of transfer.

## II. Recommendation

A district court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). It is, therefore, recommended that the United States District Court dismiss Curtis's Complaint without prejudice for want of prosecution.

## III. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: January 23, 2018

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE